IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHIRL A. ISHMAEL  Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 15-3081 |
| SCHOOL DISTRICT OF PHILADELPHIA and LESLIE MASON  Defendants. | : | |

**Jones, II  J.**                                                                                                   September 30, 2016

**MEMORANDUM**

**I.   INTRODUCTION**

    Plaintiff Shirl Ishmael commenced suit against Defendants, alleging violations of: Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"); and, the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 951, *et seq.* ("PHRA").  Thereafter, Plaintiff amended her Complaint, adding claims under Title VI of the Civil Rights Act of 1964, 42 U.S.C § 2000d, *et seq.* ("Title VI") and the Pennsylvania Fair Educational Opportunities Act, 24 P.S. § 5001, *et seq.* ("PFEOA"). Defendants have filed a Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted.  For the reasons set forth herein, Defendants' Motion shall be granted in part and denied in part.

1

## II.    STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 233 (internal quotation and citation omitted). After the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678; *accord Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("[A]ll civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks omitted).

## III.   FACTUAL BACKGROUND

Plaintiff is an African American woman employed as an elementary school teacher at the Thomas Mifflin School—part of the Philadelphia School District. (Am. Compl. ¶¶ 7-10.) Plaintiff has various medical conditions that she alleges require a reasonable accommodation in the workplace under the ADA. (Am. Compl. ¶¶ 12-14.) Plaintiff further alleges that although she provided Defendants with a written request for a disability accommodation, Defendants failed to provide same and instead, subjected her to retaliatory actions. (Am. Compl. ¶¶ 15-18.). Plaintiff asserts she was unfairly treated regarding classroom conditions and teaching assignments, and was routinely denied assistance with moving heavy objects and completing strenuous tasks. (Am.

Compl. ¶¶ 21-23.)  Plaintiff further alleges she was subjected to excessive monitoring, racially-biased scrutiny, was the target of derogatory comments, and that she was "constantly subjected to retaliatory harassment because of her disability." (Am. Compl. ¶¶ 19-24, 29.)  On August 12, 2012, Plaintiff  received an official denial of her disability accommodation request. (Am. Compl. ¶ 32.)

In October 2012, Plaintiff witnessed a Caucasian teacher assaulting an African-American student. (Am. Compl. ¶ 33.) She reported the incident and participated in an investigation regarding same.  (Am. Compl. ¶ 33.) Plaintiff claims that after doing so, she was wrongfully subjected to retaliatory action, false accusations of improper conduct by various staff members and administrators, and was physically assaulted by a school nurse. (Am. Compl. ¶¶ 40-45.) Plaintiff maintains that the acts of repeated retaliation at work negatively impacted her health and she was unable to work for the remainder of the 2012-2013 academic year. (Am. Compl. ¶ 49.)

On January 6, 2013, Plaintiff filed a joint PHRA/EEOC complaint and alleges that during the pendency of the complaint, she was subjected to further retaliatory acts and disciplinary action, including a forced transfer by Defendant School District in August 2013 to the Emlen School. (Am. Compl. ¶¶ 52-54.) Plaintiff continued to report the alleged discrimination and retaliation to the PHRC throughout the pendency of  her administrative complaint. (Am. Compl. ¶ 55.)

## IV. DISCUSSION

### A. Count I Alleging Retaliation by the School District in Violation of Title VII and the PHRA

Plaintiff alleges that Defendant School District abridged her civil rights in violation of Title VII of the Civil Rights Act of 1964, which provides as follows:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this subchapter.

42 U.S.C. § 2000e-3(a)

To establish a *prima facie* case of retaliation under Title VII, a plaintiff must demonstrate that: "(1) she engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action." *Nelson v. Upsala College,* 51 F.3d 383, 386 (3d Cir. 1995).

With specific regard to the first prong of a *prima facie* case of retaliation, protected "opposition" activity includes not only an employee's filing of formal charges of discrimination against an employer, but also "informal protests of discriminatory employment practices, including making complaints to management." *Curay–Cramer v. Ursuline Acad. of Wilmington, Del., Inc*., 450 F.3d 130, 135 (3d Cir.2006) (quoting *Sumner v. U.S. Postal Serv*., 899 F.2d 203, 209 (2d Cir. 1990)). The complaint must allege that the opposition was to discrimination based on a protected category, such as age or race. *Slagle v. Cnty. of Clarion*, 435 F.3d 262, 266–67 (3d Cir. 2006). "Protected activity" is covered by the anti-retaliatory provision of Title VII and has been interpreted to include those who both participate in Title VII proceedings (the "participation clause") and those who oppose discrimination made unlawful by Title VII ("the

opposition clause"). *Slagle,* 435 F.3d at 266; *see also Moore v. City of Philadelphia,* 461 F.3d 331, 341 (3d Cir. Pa. 2006) ("[R]etaliation plaintiff must 'act[ ] under a good faith, reasonable belief that a violation existed' and that the "employee's 'opposition' to unlawful discrimination must not be equivocal.") (quoting *Aman v. Cort Furniture Rental Corp*., 85 F.3d 1074, 1085 (3d Cir. 1996)) (citing *Barber v. CSX Distribution Servs*., 68 F.3d 694, 702 (3d Cir. 1995)).

Pennsylvania courts have adopted identical standards for proof of discrimination and retaliation under the PHRA, as those utilized in assessing federal Title VII claims. *United Bhd. of Carpenters & Joiners v. Pennsylvania Human Relations Comm'n,* 693 A.2d 1379, 1383 (Pa.Commw.1997). Therefore, Title VII claims are interpreted alongside analogous provisions of the PHRA. *Atkinson v. Lafayette Coll*., 460 F.3d 447, 454 n.6 (3d Cir. 2006).

Plaintiff herein presents two bases for her claims of retaliation by the School District. First, she claims that her employer retaliated against her because of a prior lawsuit filed against the School District of Philadelphia in June 2010. (Am. Compl. ¶ 11.)  Second, she alleges that she experienced retaliation for reporting an assault of a student by another teacher, rather than corroborating a contradicting report in support of the teacher. (Am. Compl.¶ 33; Pl.'s Resp. 8-10.) Consequently, Plaintiff alleges she was "harassed by Defendants and called a liar and blamed for the racial tension in the school[,]" and was thereafter subjected to numerous investigations and retaliatory disciplinary letters alleging improper conduct (Am. Compl. ¶ 41; Pl.'s Resp. 10.)

With regard to Plaintiff's claims that the School District violated Title VII by retaliating against her on the basis of prior litigation, Plaintiff has failed to administratively exhaust this claim. *See Shine v. Bayonne Bd. of Educ.,* 633 F. App'x 820, 824 (3d Cir. 2015) (affirming dismissal of a plaintiff's Title VII claims "for failure to exhaust her administrative remedies"

5

because Title VII "requires a plaintiff to file a charge of discrimination with the EEOC . . . [or through] an appropriate cross-filing of a charge with a state agency.") (internal citations omitted). This Court's review of Plaintiff's administrative complaint reveals claims involving the reporting of alleged child abuse and disability discrimination. There is absolutely no mention of retaliation based upon prior litigation.

With regard to her reporting of alleged child abuse, although Plaintiff asserts she was retaliated against and subjected to discipline because of same, her Complaint is devoid of any facts to establish that the actions she took could be considered "protected activity" under the anti-retaliation provision of Title VII. While Plaintiff contends the School District's retaliation was based on race, she simply cites the race of the teacher (Caucasian) and the race of the student (African American) and concludes that she was subjected to pretextual discipline because she supported an African American student with whom she shares the same race. Plaintiff fails to present facts that suggest racial animus in this incident leading to Defendant School District's alleged disciplinary actions against her.

Because Plaintiff has not pleaded sufficient facts to demonstrate she was engaged in an underlying protected activity or that she was retaliated against because of her race, this Court concludes that she has not pled a viable claim for Title VII or PHRA retaliation. Accordingly, Defendant School District's Motion shall be granted as to this Count. Although Plaintiff has not sought leave to further amend her Complaint, she shall be afforded one last opportunity allege specific facts that could plausibly prove the existence of protected activity with regard to the reporting issue only.

### B. Count II Alleging Retaliation by All Defendants in Violation of Sections 1981 & 1983 of Title 42

Plaintiff alleges that Defendants violated "her rights under Section 1981 though Section 1983 of the Civil Rights Act, as Defendants acted under color of state law."  (Am. Compl. ¶ 63.) Defendants first argue that this claims is time-barred. (Mot. Dismiss Am. Compl. 12.) "A section 1983 action accrues when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. Del. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998); *see also Giles v. City of Philadelphia*, 542 F. App'x 121, 122-23 (3d. Cir. 2013). Once an injury is recognized, Section 1983 and 1981 claims are subject to state statute of limitations.  In Pennsylvania, the statute of limitations governing a Section 1983 claim is determined by the statute of limitations for a personal injury action—two years. *See* 42 Pa. C.S.A. Sect. 5524 (two year statute of limitations for personal injury actions in Pennsylvania); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007) (reiterating that the statute of limitations period for a § 1983 claim is governed by state statute of limitations periods for personal injury torts).

Although the statute of limitations for personal injury claims in Pennsylvania is two years from the date of injury, claims under Section 1981 (as amended) are governed by the federal "catch all" statute of limitations of four years.  *See* 28 U.S.C. §1658; *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004).[1]  Because Plaintiff's Section 1981 claim is governed by the

---

[1] "Section 1658(a)'s four-year limitations period does not apply to claims that could have been raised under the pre-1990 version of § 1981." *Ke v. Ass'n of Pa. State Coll. & Univ. Faculties*, 447 F. App'x 424, 425-26 (3d Cir. 2011); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (analyzing the chronology of a claim to determine whether the § 1658 "catch all" applied). Therefore, the critical question is whether the claim "could have been brought prior to the 1991 amendment to Section 1981." *Johnson-Harris v. AmQuip Cranes Rental, LLC*, No. 14-767, 2015 U.S. Dist. LEXIS 88736, at *17 (E.D. Pa. July 8, 2015).

7

1991 amendments, her Section 1981/1983 claims are covered by the four-year statute of limitations and are therefore not time-barred.[2]

While properly filed within the applicable statute of limitations period, Plaintiff's Section 1981/1983 claim fails.  As was recently explained,

> The burden shifting framework of *McDonnell* applies to Section 1981 and Section 1983 retaliation claims. Under that three-step framework, a plaintiff must first establish a prima facie case of retaliation. If he or she does so, the burden then shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employer's action. If the employer carries that burden, the plaintiff must prove by a preponderance of the evidence that the reasons offered by the employer were a pretext for discrimination . . . [T]o establish a prima facie case of discrimination, a plaintiff must show that: (1) he engaged in protected activity; (2) his employer took an adverse employment action against him; and (3) there was a causal connection between his participation in the protected activity and the adverse employment action. To survive [a] Motion to Dismiss, [a plaintiff] need not establish a prima facie case, but his Amended Complaint must contain sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the [necessary] elements.

*Hawa v. Coatesville Area Sch. Dist.*, Civ. No. 15-4828, 2016 U.S. Dist. LEXIS 23586, at *26-27 (E.D. Pa. Feb. 26, 2016) (internal quotations marks and citations omitted).

As with her Title VII claim, Plaintiff herein has not pleaded sufficient facts to plausibly demonstrate she was engaged in an underlying protected activity or that she was discriminated against because of her race.  Instead, Count II of Plaintiff's Amended Complaint is replete with threadbare allegations of discrimination "because of her race" and bare assertions that her participation "in the investigation of the physical assault of an African-American [sic] student by a Caucasian teacher" caused Defendants to discriminate against Plaintiff in violation of Sections 1981 and 1983.  (Am. Compl. ¶¶ 61-72.)  Moreover, Plaintiff alleges "racially

---

[2]   Defendants argue Plaintiff's claim pursuant to Sections 1981 and 1983 should be dismissed for failure to exhaust administrative remedies.  However, exhaustion is not a prerequisite for bringing claims under Sections 1981 and 1983. *Davis v. United States Steel Supply, Div. of United States Steel Corp.*, 688 F.2d 166, 190 (3d Cir. 1982)

motivated practices" as well as a "practice and custom of race discriminatory [sic] and retaliatory practices" but does not explain what they are.  (Am. Compl. ¶¶ 70-71.)  This is simply not enough.

Although Plaintiff has not sought leave to further amend her Complaint regarding this claim, she shall be afforded one last opportunity allege specific facts that could potentially support her assertion of retaliation under Sections 1981 and 1983 based on race.

### C. Counts III, IV and V Alleging Disability Discrimination, Failure to Accommodate, and Retaliation by the School District in Violation of the ADA

As a preliminary matter, this Court notes that its "analysis of an ADA claim applies equally to a PHRA claim[.]" *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999). In order to sustain her claim of discrimination under the ADA, Plaintiff must show: "(1)[s]he is a disabled person within the meaning of the ADA; (2)[s]he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) [s]he has suffered an otherwise adverse employment decision as a result of discrimination." *Gaul v. Lucent Techs., Inc.*, 134 F.3d 576, 580 (3d Cir. 1998). An alleged failure to accommodate may be shown through facts demonstrating that the employer . . .

> [F]ailed to make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless the employer can demonstrate that the accommodation would impose an undue hardship on the operation of the business of the employer. An employer may be found to have breached its duty to provide reasonable accommodations by failing to engage in good faith in the interactive process if plaintiff establishes the following: 1) the employer knew about the employee's disability; 2) the employee requested accommodations or assistance for his or her disability; 3) the employer did not make a good faith effort to assist the employee in seeking accommodations; and 4) the employee could have been reasonably accommodated but for the employer's lack of good faith.

*Perdick v. City of Allentown*, Civ. No. 12-6302, 2013 U.S. Dist. LEXIS 90388, at *8 (E.D. Pa. June 27, 2013) (internal quotation marks and citations omitted).

Lastly, retaliation under the ADA requires facts that could establish that: (1) Plaintiff was engaged in protected conduct; (2) an adverse action was taken by Defendants; and, (3) there is a causal link between the protected conduct and the adverse action. *Cottrell v. Good Wheels*, 458 F. App'x 98, 100-01 (3d Cir. 2012) (citing *Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 757 (3d Cir. 2004)). A Plaintiff is required to exhaust his or her administrative remedies prior to bringing a suit under the ADA. *Overby v. Boeing Global Staffing*, 571 F. App'x 118, 119 (3d Cir. 2014). Defendants seek dismissal on the basis of an alleged failure by Plaintiff to do so.

Plaintiff's Complaint alleges she has several medical issues emanating from a colon cancer diagnosis, for which she is receiving long-term medical treatment by a physician. (Am. Compl. ¶¶ 12-14.) Plaintiff claims she provided the School District with a written request for an accommodation based on her disabilities. (Am. Compl. ¶ 16.) Plaintiff further claims this request was supported by a letter from her attending physician, which listed specific accommodation requests based upon her disability. (Am. Compl. ¶¶ 16-17.) Rather than providing such an accommodation, Plaintiff alleges numerous acts of retaliation, harassment, and unfair treatment that were inflicted on her by the Defendants. (Am. Compl. ¶¶ 18-32.) These acts include Defendant Mason giving Plaintiff two days to move heavy boxes and discarded equipment from Plaintiff's assigned classroom, although her colleagues were given three days. (Am. Compl. ¶ 19.) Plaintiff also alleges that "the room was in a deplorable condition, with leaking ceiling/roof, peeling paint, [and] asbestos." (Am. Compl. ¶ 19.) Plaintiff contends she contacted Defendant Mason several times to complain about the excessive heat and inoperable

windows in her classroom, to no avail. (Am. Compl. ¶ 26.) On August 14, 2012, Plaintiff was provided with an official letter denying her request for disability accommodation. (Pl's. Resp. Ex. A.)

As previously discussed, "[a] subsequent suit may only encompass forms similar or related to those filed in the EEOC charge." *DeLa Cruz v. Piccari Press*, 521 F. Supp. 2d 424, 433 (E.D. Pa. 2007) (internal quotation omitted). To that end, "a district court may assume jurisdiction over additional charges if they are reasonably within the scope of the claimant's original charges and if a reasonable investigation by the EEOC would have encompassed the new claims." *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1212 (3d Cir. 1984). Plaintiff herein jointly and timely filed an administrative complaint alleging disability discrimination by Defendants for a non-job related disability (outlined in Count 2 of the PHRA filing), and that she was subjected to retaliatory acts by her supervisor and colleagues beginning on October 17, 2012. (Am. Compl. ¶¶ 50-55; Mot. Dismiss Ex. A; Pl.'s Resp. Ex. B.)

Regardless of how the headings and counts were organized in her administrative complaint, this Court finds that Plaintiff's disability retaliation claims arose out of the same allegedly discriminatory events and were therefore within the scope of the administrative complaint. Accordingly, Defendant's Motion to Dismiss Counts III, IV and V on these grounds must be denied. However, Defendants' Motion shall be granted with regard to the damages sought in Count V for retaliation under the ADA. *Wilkie v. Luzerne County*, Civ. No. 14-462, 2014 U.S. Dist. LEXIS 142015, at *8 (M.D. Pa. Oct. 6, 2014); *Greineder v. Masonic Homes of the R.W. Grand Lodge*, Civ. No. 13-2376, 2014 U.S. Dist. LEXIS 56269, at * 12-13 (E.D. Pa. Apr. 23, 2014).

### D. Count VI Alleging Retaliation by the School District in Violation of Title VI

Title VI provides that "[n]o person in the United States shall, on the grounds of race, color, or national origin, be excluded from participation in, be denied by the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 USCS § 2000d. Plaintiff claims Defendant School District retaliated in response to her "oppos[ing] the harassment of an African American student by a Caucasian teacher and participat[ing] in the investigation of the assault of the African-American student and engag[ing] in protected activities under [Title VI]." (Am. Compl. ¶ 84.)

Defendant School District argues that Plaintiff's retaliation claim is time-barred. The statute of limitations constitutes an affirmative defense to an action under Federal Rule of Civil Procedure 8(c). "Under the law of this and other circuits, however, the limitations defense may be raised on a motion to dismiss under Rule 12(b)(6), but only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (quoting *Hanna v. U.S. Veterans' Administration Hospital*, 514 F.2d 1092, 1094 (3d Cir. 1975)). "If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *Bethel,* 570 F.2d at 1174).

The statute of limitations for Title VI violations is two years. *Thomas v. Advance Hous. Inc.*, 475 F. App'x 405, 407 (3d Cir. 2012) (noting that "[t]he same two-year statute of limitations period should be applied to claims analogous to a personal injury action under Title VI of the Civil Rights Act."). Plaintiff states in her Amended Complaint that she witnessed the assault of the African American student "[o]n or about October 17, 2012" and was later asked to

"write a corroborating report in support of the teacher[,]" which she refused to do.  (Am. Compl. ¶ 33.) The retaliatory acts that Plaintiff alleges include: denial of a needed classroom air-conditioner (Am. Compl. ¶¶ 39-40); informing the staff of Plaintiff's report of abuse (Am. Compl. ¶ 44); receiving "[b]etween November 2012 and May 2013 . . . over 10 Investigatory Conference Letters and Memoranda alleging in inappropriate conduct, all of which were based on false allegations" (Am. Compl. ¶ 45); and, a forced transfer to another school "[i]n or about early August 2013" (Am. Compl. ¶ 54).

   As such, the retaliatory acts complained of began shortly after October 17, 2012 when she refused to corroborate the report supporting a Caucasian teacher which culminated in the retaliatory act of a forced transfer around early August 2013. Importantly, Plaintiff officially alleged retaliation on the basis of her involvement reporting an incident of child abuse in a complaint with the PHRA dated April 29, 2013. (Mot. Dismiss Ex. A.)

   There is no administrative exhaustion requirement for Title VI claims. *Freed v. CONRAIL*, 201 F.3d 188, 193-194 (3d Cir. 2000) (noting that the administrative exhaustion requirement does not apply to Title VI claims because "that process fails to provide [Plaintiffs] with meaningful relief" and "nothing in the language of… Title VI requires administrative exhaustion."). Instead, the statute of limitations accrues "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

   Plaintiff herein knew of her alleged injury before she filed her April 29, 2013 administrative complaint with the PHRC alleging retaliation. However, even using April 29, 2013 as the date on which the statute of limitations on Plaintiff's Title VI claim began to accrue, her federal Complaint is out of time.  Plaintiff filed her first Complaint with this Court  on June

1, 2015. Plaintiff's Amended Complaint—in which she first alleges a Title VI violation—was filed on November 12, 2015. (Am. Compl. ¶ 3.) Accordingly, Plaintiff's Title VI claim falls outside the applicable statute of limitations and shall be dismissed.[3]

### E. Count VII Alleging PFEOA Violations by All Defendants

Count VII of Plaintiff's Amended Complaint alleges that by reason of discrimination and retaliation, Defendants violated the Pennsylvania Fair Education Opportunities Act. Educational institutions covered by the PFEOA are defined as follows:

> "Education Institution" means any institution of post-secondary grade and any secretarial, business, vocational or trade school of secondary or post-secondary grade, which is subject to the visitation, examination or inspection of, or is, or may be licensed by the Department of Public Instruction, including any post-secondary school, college or university incorporated or chartered under any general law or special act of the General Assembly, except any religious or denominational educational institutions as defined in this act.

The Thomas Mifflin Elementary School is a primary school (Am. Compl. at ¶ 87) and is therefore not an "educational institution" within the meaning of the PFEOA. Accordingly, Plaintiff's PFEOA claim against Defendants shall be dismissed.[4]

---

[3] Because this claim falls outside the applicable statute of limitations, amendment would be futile.

[4] Because the PFEOA statute clearly excludes primary schools from its scope, any amendment of this claim would be futile.

## V.     CONCLUSION

For the reasons set forth hereinabove, Defendants' Motion to Dismiss shall be granted as to Counts I and II, with leave for Plaintiff to amend these claims one final time.  Defendants' Motion shall be denied as to Counts III and IV.  With regard to Count V, Defendants' Motion is only granted to the extent Plaintiff seeks compensatory and punitive damages, which are not available for retaliation claims under the ADA. Finally, Defendants' Motion shall be granted as to Counts VI and VII, and said claims shall be dismissed with prejudice.

An appropriate Order follows.

BY THE COURT:

/s/  C. Darnell Jones, II          J.